# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | : : : | 1:14-cv-812 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| JOSEPH BERNARD FITZPATRICK III; PATRICK AND BONNIE VASSALOTTI, CO-LEGAL CUSTODIANS OF MINOR CHILDREN E.F. and R.F.; and THE ESTATE OF ANNEMARIE FITZPATRICK, | : : : : : : : | |
| Defendants. | : | |

## **MEMORANDUM**

## **February 5, 2018**

Pending before the Court is the Motion for Summary Judgment filed by Defendants, Patrick and Bonnie Vassalotti (collectively "the Vassalottis"), Co-Legal Custodians of Minor Children E.F. and R. F. ("the Motion")(Doc. 62). No opposition brief has been filed, and the time to do so has lapsed. For the reasons that follow, we shall grant summary judgment in favor of the Vassalottis.

## I. BACKGROUND

This interpleader action was filed on April 28, 2014 by Hartford Life and Accident Insurance Company (hereinafter "Hartford"). Hartford filed the action to resolve the competing claims of certain individuals for proceeds of a $889,000 policy purchased on the life of Annemarie Fitzpatrick ("the decedent" or "Mrs. Fitzpatrick") who died on June 6, 2012.[1] The competing claimants are Joseph Bernard Fitzpatrick, III ("Mr. Fitzpatrick") and Patrick and Bonnie Vassalotti, custodians of minor children E.F. and R.F. Mr. Fitzpatrick, the decedent's husband, was charged with and convicted of the decedent's murder.[2] E.F. and R.F. are the decedent's children, over whom the Vassalottis have had custody following the decedent's death and Mr. Fitzpatrick's arrest.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162,

---

[1] On January 13, 2015, Hartford was dismissed as a party to this action. (Doc. 32).

[2] The relevant procedural history surrounding Mr. Fitzpatrick's murder conviction will be discussed in the "Facts" section of this Memorandum, *infra*.

172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial. *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a fact finder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

3

properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## III. FACTS[3]

Hartford issued a life insurance policy (the "Policy") for Annemarie Fitzpatrick, the decedent. (Doc. 63, ¶1). The decedent died on June 6, 2012. (Doc. 63, ¶2). The Policy identified Mr. Fitzpatrick as the primary beneficiary. (Doc. 63, ¶3). The Policy identified the decedent's children, E.F. and R. F., as contingent beneficiaries. (Doc. 63, ¶4). At the time of her death, the decedent had 2 minor children. Child #1 is currently sixteen years old and Child #2 is currently 13 years old. (Doc. 63, ¶¶10-12).

On May 13, 2015, Mr. Fitzpatrick was convicted of first-degree murder in the death of the decedent in the Court of Common Pleas of York County and sentenced to life in prison. (Doc. 63, ¶5). On post-trial motions, the trial court reversed the conviction based on insufficiency of the evidence. The Commonwealth appealed the trial court's decision to the Superior Court of Pennsylvania. In an opinion issued on April 12, 2017, the Superior Court reversed and remanded "to the trial court with direction to reinstate the jury's guilty verdict

---

[3] The following undisputed facts are derived from the Vassalotti's Statement of Material Facts (Doc. 63), filed in support of the Motion, Supplemental Statement of Undisputed Facts filed by the Vassalottis recently filed on December 12, 2017. (Doc. 63). Mr. Fitzpatrick has not responded to the Vassalotti's Motion or Statement of Material Facts, thus pursuant to Local Rules 7.6 and 56.1, Mr. Fitzpatrick is deemed not to oppose the Vassalotti's Motion.

4

and original judgment of sentence." *Commonwealth v. Fitzpatrick*, 159 A.3d 562, 572 (Pa. Super. Ct. 2017). On October 23, 2017, the Pennsylvania Supreme Court denied Mr. Fitzpatrick's Petition for Allowance of Appeal. (Doc. 63, ¶7). Thereafter, on December 6, 2017, the York County Court of Common Pleas reinstated the guilty verdict. (Doc. 63, ¶8).

## IV. DISCUSSION

The Vassalottis move for summary judgment in this matter on the basis that Mr. Fitzpatrick is the slayer of the decedent, and as such he forfeits his claim as a beneficiary to the decedent's life insurance policy proceeds. As a result, the Vassalottis posit that the policy proceeds should be distributed to them, as they are the legal custodians of E.F. and R.F., the contingent beneficiaries under the policy. We agree.

Under Pennsylvania law, a "slayer" is prohibited from collecting life insurance proceeds. *See* 20 Pa. C.S. § 8802. It is undisputed that Mr. Fitzpatrick is the slayer of his wife, the decedent, Annemarie Fitzpatrick. (*See* Doc. 63, ¶8, Ex. D). As such, he is prohibited from collecting the insurance policy proceeds due under the Hartford policy. As a result of this determination, E.F. and R.F. are the rightful beneficiaries of the life insurance policy proceeds. Accordingly, summary judgment shall be granted in favor of the Vassalottis, as the legal custodians of E.F. and R.F., the decedent's minor children.

5

An appropriate Order shall issue.